**Exhibit A**

# #1

## COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS.

SUPERIOR COURT
CIVIL ACTION
NO. 2273CV00188 A

ROSEMARY TABOR, PERSONAL REPRESENTATIVE
OF THE ESTATE OF JUDITH PERRY,
Plaintiff,
V.
EILEEN MOLLOY, N.P.,
Defendant.

BRISTOL, SS SUPERIOR COURT
FILED

MAR - 8 2022

MARC J. SANTOS, ESQ.
CLERK/MAGISTRATE

## *COMPLAINT*

### Count I.

1. The plaintiff, Rosemary Tabor, is the duly appointed Personal Representative of the Estate of Judith Perry and is a resident of Orlando, Orange County, Florida.

2. The plaintiff's decedent, Judith Perry, was at all times relevant to this complaint a resident of New Bedford, Bristol County, Massachusetts.

3. The defendant, Eileen Molloy, N.P., was at all times relevant to this complaint a nurse practitioner licensed to practice her profession in the Commonwealth of Massachusetts, and practicing in Bristol County.

4. This action is brought to recover for the wrongful death of Judith Perry for the benefit of her next of kin, pursuant to M.G.L.A. c. 229 §1 et seq.

5. At all times relevant to this complaint, the defendant, Eileen Molloy, N.P., represented and held herself out to be a nurse, skilled in the treatment of various illnesses and conditions and, in particular, represented to the plaintiff's decedent that she was knowledgeable, competent, and qualified to diagnose and treat the plaintiff's decedent's condition on or about 1/3/18 through 11/10/18.

6. On or about 1/3/18 through 11/10/18, the plaintiff's decedent submitted herself to the care and treatment of the defendant, Eileen Molloy, N.P., who negligently, carelessly, and without regard for the plaintiff's decedent's health and well-being, treated the plaintiff's decedent in a manner resulting in the plaintiff's decedent's death on 3/12/19.

7. The death of Judith Perry and the damage to her estate, were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment by the defendant, Eileen Molloy, N.P., including, but not limited to the following:

1

a. Defendant's misrepresentations to the plaintiff's decedent that she was knowledgeable, skillful, and competent to diagnose and treat the plaintiff's decedent's medical condition on or about 1/3/18 through 11/10/18;

b. Defendant's failure to adequately and properly diagnose the plaintiff's decedent's medical condition on or about 1/3/18 through 11/10/18, and her failure to prescribe proper and timely treatment for said condition;

c. Defendant's failure to recognize, or have the knowledge to recognize her inability and lack of skill to diagnose and treat the plaintiff's decedent, when the defendant knew or should have known in the exercise of due care, the foreseeable consequences of her inability and failure to properly and skillfully provide the plaintiff's decedent with acceptable nursing services;

d. Defendant's failure to possess or negligent failure to exercise that degree of skill, training, and care as is possessed and exercised by average qualified members of the nursing profession practicing her specialty; and

e. Defendant's failure to inform and to warn of the risks involved in or associated with the plaintiff's decedent's condition and failure to inform and to warn about the treatment of said condition.

WHEREFORE, the plaintiff, Rosemary Tabor, as duly appointed Personal Representative of the Estate of Judith Perry, prays judgment against the defendant, Eileen Molloy, N.P., for the above-described wrongful death and damage to the estate, together with interest and costs.

## Count II.

1. The plaintiff, Rosemary Tabor, as duly appointed Personal Representative of the Estate of Judith Perry, repeats and reavers all of the allegations contained in Paragraphs One through Six of Count I above, as if expressly rewritten and set forth herein.

2. This action is brought to recover for the conscious pain and suffering of the decedent, Judith Perry.

3. As the direct and proximate result of the carelessness and negligence of the defendant, Eileen Molloy, N.P., the decedent, Judith Perry, was caused to suffer consciously up to and until her time of death.

WHEREFORE, the plaintiff, Rosemary Tabor, as duly appointed Personal Representative of the Estate of Judith Perry, prays judgment against the defendant, Eileen Molloy, N.P., in an amount to be determined by a jury, together with interest and costs.

## Count III.

1. The plaintiff, Rosemary Tabor, is the duly appointed Personal Representative of the Estate of Judith Perry and is a resident of Orlando, Orange County, Florida.

2. The plaintiff's decedent, Judith Perry, was at all times relevant to this complaint a resident of New Bedford, Bristol County, Massachusetts.

3. The defendant, Eileen Molloy, N.P., was at all times relevant to this complaint a nurse licensed to practice her profession in the Commonwealth of Massachusetts, and practicing in Bristol County.

4. This action is brought to recover for the wrongful death of Judith Perry for the benefit of her next of kin, pursuant to M.G.L.A. c. 229 §1 et seq.

5. At all times relevant to this complaint, the defendant, Eileen Molloy, N.P., represented and held herself out to be a nurse practitioner, skilled in the treatment of various illnesses and conditions and, in particular, represented to the plaintiff's decedent that she was knowledgeable, competent, and qualified to diagnose and treat the plaintiff's decedent's condition on or about 1/3/18 through 11/10/18.

6. On or about 1/3/18 through 11/10/18, the plaintiff's decedent submitted herself to the care and treatment of the defendant, Eileen Molloy, N.P., who negligently, carelessly, and without regard for the plaintiff's decedent's health and well-being, treated the plaintiff's decedent in a manner resulting in the plaintiff's decedent's death on 3/12/19.

7. The death of Judith Perry and the damage to her estate, including, but not limited to her funeral and burial expenses, were the direct and proximate result of the malicious, willful, wanton or reckless conduct of the defendant, Eileen Molloy, N.P., or by the gross negligence of the defendant on or about 1/3/18 through 11/10/18.

WHEREFORE, the plaintiff, Rosemary Tabor, as duly appointed Personal Representative of the Estate of Judith Perry, prays judgment against the defendant, Eileen Molloy, N.P., for the above-described wrongful death and damage to the estate, together with punitive damages, interest and costs.

## Count IV.

1. The plaintiff, Rosemary Tabor, as duly appointed Personal Representative of the Estate of Judith Perry, repeats and reavers all of the allegations contained in Paragraphs One through Six of Count III above, as if expressly rewritten and set forth herein.

2. This action is brought to recover for the conscious pain and suffering of the decedent, Judith Perry.

3. As the direct and proximate result of the malicious, willful, wanton or reckless conduct of the defendant, Eileen Molloy, N.P., the decedent, Judith Perry, was caused to suffer consciously up to and until her time of death.

WHEREFORE, the plaintiff, Rosemary Tabor, as duly appointed Personal Representative of the Estate of Judith Perry, prays judgment against the defendant, Eileen Molloy, N.P., for the above-described wrongful death and damage to the estate, together with punitive damages, interest and costs.

## Count V.

1. The plaintiff, Rosemary Tabor, as duly appointed Personal Representative of the Estate of Judith Perry, repeats and reavers all of the allegations contained in Paragraphs One through Six of Count I above, as if expressly rewritten and set forth herein.

2. On or about 1/3/18 through 11/10/18, the defendant, Eileen Molloy, N.P., contracted with the plaintiff's decedent to provide professional services related to the plaintiff's decedent's nursing care and treatment.

3. The defendant, Eileen Molloy, N.P., expressly and impliedly warranted to the plaintiff's decedent that she would perform and render said professional services in accordance with accepted standards for the practice of nursing, and that she would possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the nursing profession practicing her specialty.

4. On or about 1/3/18 through 11/10/18, the defendant, Eileen Molloy, N.P., breached her express and implied warranties by failing to perform and render professional services in accordance with accepted standards for the practice of nursing, and by failing to possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the nursing profession practicing her specialty, which breach resulted in the death of Judith Perry.

5. The death of Judith Perry and the damage to her estate, including, but not limited to her funeral and burial expenses, were the direct and proximate result of the defendant, Eileen Molloy, N.P.'s breach of express and implied warranties.

WHEREFORE, the plaintiff, Rosemary Tabor, as duly appointed Personal Representative of the Estate of Judith Perry, prays judgment against the defendant, Eileen Molloy, N.P., for the above-described wrongful death and damage to the estate, together with interest and costs.

## Count VI.

1. The plaintiff, Rosemary Tabor, as duly appointed Personal Representative of the Estate of Judith Perry, repeats and reavers all of the allegations contained in Paragraphs One through Five of Count V above, as if expressly rewritten and set forth herein.

2. This action is brought to recover for the conscious pain and suffering of the decedent, Judith Perry.

3. As the direct and proximate result of the breach of express and implied warranties by the defendant, Eileen Molloy, N.P., the plaintiff's decedent, Judith Perry, was caused to suffer consciously up to and until her time of death.

WHEREFORE, the plaintiff, Rosemary Tabor, as duly appointed Personal Representative of the Estate of Judith Perry, prays judgment against the defendant, Eileen Molloy, N.P., in an amount to be determined by a jury, together with interest and costs.

4

## Count VII.

1. The plaintiff, Rosemary Tabor, as duly appointed Personal Representative of the Estate of Judith Perry, repeats and reavers all of the allegations contained in Paragraphs One through Six of Count I above, as if expressly rewritten and set forth herein.

2. On or about 1/3/18 through 11/10/18, average qualified members of the nursing profession practicing the defendant's specialty knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff's decedent.

3. On or about 1/3/18 through 11/10/18, the defendant, Eileen Molloy, N.P., knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff's decedent.

4. On or about 1/3/18 through 11/10/18, the defendant, Eileen Molloy, N.P., did not inform the plaintiff's decedent of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff's decedent.

5. If the defendant, Eileen Molloy, N.P., had informed the plaintiff's decedent of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff's decedent, neither the plaintiff's decedent nor a reasonable person in her position would have elected the defendant's choice of treatment.

6. The alternatives to and the risks and potential consequences of the defendant's choice of treatment were material to a decision by the plaintiff's decedent and a reasonable person in her position as to whether to undergo the defendant's choice of treatment.

7. The death of Judith Perry and the damage to her estate, including, but not limited to her funeral and burial expenses, were the direct and proximate result of the defendant, Eileen Molloy, N.P.'s failure to obtain the informed consent of the plaintiff's decedent.

WHEREFORE, the plaintiff, Rosemary Tabor, as duly appointed Personal Representative of the Estate of Judith Perry, prays judgment against the defendant, Eileen Molloy, N.P., for the above-described wrongful death and damage to the estate, together with interest and costs.

## Count VIII.

1. The plaintiff, Rosemary Tabor, as duly appointed Personal Representative of the Estate of Judith Perry, repeats and reavers all of the allegations contained in Paragraphs One through Seven of Count VII above, as if expressly rewritten and set forth herein.

2. This action is brought to recover for the conscious pain and suffering of the decedent, Judith Perry.

3. As the direct and proximate result of the defendant, Eileen Molloy, N.P.'s failure to inform the plaintiff's decedent of the alternatives to and risks and potential consequences of the defendant's treatment, the decedent, Judith Perry, was caused to suffer consciously up to and until her time of death.

WHEREFORE, the plaintiff, Rosemary Tabor, as duly appointed Personal Representative of the Estate of Judith Perry, prays judgment against the defendant, Eileen Molloy, N.P., in an amount to be determined by a jury, together with interest and costs.

PLAINTIFF CLAIMS TRIAL BY JURY.

Respectfully submitted,
The plaintiff,
By her attorney,

*William J. Thompson*
William J. Thompson, Esq.
LUBIN & MEYER, P.C.
100 City Hall Plaza
Boston, MA 02108
(617) 720-4447
BBO#: 559275

#4

**ORIGINAL**

## Commonwealth of Massachusetts

BRISTOL, ss.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 2273CV00188

Rosemary Tabor, Personal Representative
of the estate of Judith Perry
_____, PLAINTIFF(S),

BRISTOL, SS SUPERIOR COURT
FILED

v.

Eileen Molloy, N.P._____, DEFENDANT(S)

JUN 1 6 2022

**SUMMONS**

MARC J. SANTOS, ESQ.
CLERK/MAGISTRATE

THIS SUMMONS IS DIRECTED TO ___Eileen Molloy, N.P.___ (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the ___Superior___ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your **signed original response** with the Clerk's Office for Civil Business, ___Superior___ Court, ___441 County St., 1st Floor, New Bedford___ (address), by mail or in person, **AND**
   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: ___Lubin & Meyer, PC / William J. Thompson / 100 City Hall Plaza, Boston, MA 02108___

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rulesofcourt.

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.
5. **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____May 13_____, 20 22. (SEAL)

Marc J. Santos,
Clerk/Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

---

**Bristol County Sheriff's Office**   P.O. Box 8928   New Bedford, MA 02742-0928   (508) 992-6631
Bristol, SS

June 10, 2022

I hereby certify and return that on 6/9/2022 at 2:57 PM I served a true and attested copy of the Summons and Complaint in this action in the following manner: To wit, by delivering in hand to Stephanie Chase, agent, person in charge at the time of service for Eileen Molloy, N.P., 874 Purchase Street Greater New Bedford Community Health Center, Inc. New Bedford, MA 02740. Attest Fee ($5.00) Basic Service Fee ($30.00) Conveyance ($0.75) Copies ($2.00) Postage and Handling ($2.75) Travel ($3.20) Total: $43.70

**Deputy Sheriff Michael Young**                                                              **Deputy Sheriff**